AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District: Boston, Massachusetts |
|---|---|
| Name of Movant: DUANE MIGUEL CHRISTIE | Prisoner No.: 24690-038    Case No.: 1:03CR10089-NG |
| Place of Confinement: McRae Correctional Facility, 1000 A Jim Hammock Drive McRae, GA 31055 | |

UNITED STATES OF AMERICA   V.   DUANE MIGUEL CHRISTIE
(name under which convicted)

**MOTION**   04 11696 NG

1. Name and location of court which entered the judgment of conviction under attack: UNITED STATES DISTRICT COURT, Boston Massachusetts One Courthouse Way 02210

2. Date of judgment of conviction: December 04, 2003.

3. Length of sentence: 41 Months

4. Nature of offense involved (all counts): Re-Entry After Deportation

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☐

RECEIPT # N/A
AMOUNT $ N/A
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 6/03/04

(2)

9. If you did appeal, answer the following:

    (a) Name of court _____ N/A _____

    (b) Result _____ N/A _____

    (c) Date of result _____ N/A _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☒

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☒
(2) Second petition, etc.   Yes ☐ No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Defendant never knew of any petition a;;lication or motion, until July 12,2004, when he acknowledge the 5K3.1 early disposition programs.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(4)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: __Ineffective Assistance of Counsel.__

Supporting FACTS (state *briefly* without citing cases or law) __See attach Memorandum__

B. Ground two: __See Attach Memorandum__

Supporting FACTS (state *briefly* without citing cases or law): __See attach Memorandum__

C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

## MEMORANDUM IN SUPPORT

**I)    FACTS FOR GROUNDS ONE** (Denial of Effective Assistance of Counsel)

<u>STRICKLAND</u> sets out (2) two requirements for a ineffectiveness of counsel claim: (1) Counsel's performance was deficient and (2) The deficient performance prejudiced the defense.

Benchmark for judging any claim of ineffectiveness of counsel must be whether counsel's conduct so undermined proper functioning of adversarial process that trial cannot be relied on as having produced a just result.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components: first, defendant must show that counsel's performance was deficient, requiring showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment and, second, defendant must show that the deficient performance prejudiced the defense by showing that counsel's errors were so serious as to deprive defendant of of a fair trial, a trial whose result is reliable.

### (1) COUNSEL'S PERFORMANCE WAS DEFICIENT

An appointed lawyer has the same obligation to the client as retained counsel, including the obligation of loyalty and confidentiality, and is subject to the same limitations on the client-lawyer relationship, such as the obligation to refrain from assisting the client in violation of the rules. In the case at hand, Appellant's lawyer intentionally prejudiced and damaged petitioner defense during the course of their relationship. Counsel did not represent petitioner zealously and diligently. Counsel intentionally failed to seek the lawful objectives of petitioner through reasonable available means permitted by law and the disciplinary rules. Counsel engaged in conduct that is prejudicial to the administration of justice.

Appellant contends he was denied effective assistance of counsel guaranteed him by the <u>Six Amendment of the United States Constitution.</u>

**ATTORNEY FAILED TO SEEK JUDICIAL RECOMMENDATION F QR EARLY DISPOSITION PROGRAMS, AN OR ARGUES OR FILED A MOTION.**

Counsel did not advise or never mention of early disposition programs consequences of defendant conviction, and did not effectively research applicable law, and counsel failure prejudiced defendant. Further more counsel's failure to request recommendation or to advise defendant of it's availability constitutes ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendment to the United States Constitution.

petitioner's counsel prejudiced petitioner's chances of a fair judicial process due to counsel's performance being below prevailing professional norms to such extent that defendant was denied Six Amendment right to assistance of counsel. If counsel's performance was in the professional norm, the outcome of the case would have been much different, and petitioner never would have plead guilty.

In this action defendant seek a writ of error coram norbis to vacate the judgment and sentence in this case.

Failure of Counsel to advise Defendant on the "Early Disposition Programs" argue an or filed a motion in behalf of the defendant for the Disposition or Fast Track Programs.

The protect act directed the Sentencing Commission to promulgate a policy statement authorizing a down ward departure of not more than four offense levels.

Respectfully submitted,

*[signature]*
Duane Miguel Christie
Reg.# 24690-038
McRae Correctional Facility
1000 A Jim Hammock Drive
McRae, GA 31055

Date: 7 / 20 /04

Sworn to before me this
Date: 7 / 20 /04

*[signature]*
Notary Public

My Commission Expires Jan. 9, 2007

D. Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____ N/A _____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing _____ N/A _____

   (b) At arraignment and plea _____ N/A _____

   (c) At trial _____ N/A _____

   (d) At sentencing _____ N/A _____

(6)

(c) On appeal _____ N/A _____

(f) In any post-conviction proceeding _____ N/A _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____ N/A _____

(b) Give date and length of the above sentence: _____ N/A _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

07-20-2004
_____
(date)

_____
Signature of Movant

(7)