IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUANE MIGEUL CHRISTIE, : | |
| Petitioner : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 04-11696-NG |
| UNITED STATES OF AMERICA | |
| Respondent | |

**GOVERNMENT'S OPPOSITION TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

The United States of America, by Michael J. Sullivan, United States Attorney, and Nadine Pellegrini, Assistant United States Attorney for the District of Massachusetts, and files this **OPPOSITION TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** as follows:

1. To the extent that the Petitioner is arguing a Sixth Amendment violation based upon ineffective assistance of counsel, Petitioner's Memorandum fails to state sufficient facts to support a claim upon which this court could grant relief.

**I. PROCEDURAL HISTORY**

On April 2, 2003, Duane Christie ("Petitioner") was indicted in a one count indictment charging him with a violation of Title

8, United States Code, §1326(a) - illegal re-entry by a deported alien. D. 1.[1]

On September 11, 2003, there was a change of plea hearing during which the court accepted the Petitioner's plea of guilty to the one count of the Indictment. D. #15. There was no plea agreement between the Petitioner and the United States Attorney's Office.

On December 12, 2003, Petitioner was sentenced to a term of 41 months, with two years of supervised release.[2] Judgment was entered on December 18, 2003. D. #17. Petitioner's Motion was noted as filed on August 2, 2004.  As 28 U.S.C. §2255 requires, *inter alia*, that a Petitioner's request for relief be filed within one year from the date on which the judgment of conviction becomes final, Petitioner's motion is timely filed.

## II. 28 U.S.C. §2255 CLAIM

According to the Petitioner's Memorandum in support, Petitioner alleges a Sixth Amendment claim of ineffective assistance of counsel pursuant to Strickland v. Washington, 466 U.S. 668 (1984).  In order to succeed on this claim, Petitioner is required to make a showing that his counsel's performance was deficient. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 668.

---

[1] The citation "[D._]" refers to a docket entry.

[2] Petitioner is currently in custody. See www.bop.gov.

In this regard, Petitioner appears to claim that his counsel was deficient because his counsel failed to "seek judicial recommendation for early disposition program" (Petitioner's Memo, p. 1). Petitioner goes on to note that "[t]he protect [sic] act directed the Sentencing Commission to promulgate a policy statement authorizing a downward departure of not more than four offense levels." Id.

As set forth below, there was no early disposition available to the Petitioner; there was no procedural mechanism for a judicial recommendation for such a disposition, and petitioner was not eligible for the four level downward departure pursuant to the Protect Act.

**III. EARLY DISPOSITION AND THE PROTECT ACT**

Section 401(m)(2)(B) of the 2003 Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act (PROTECT Act") instructed the United States Sentencing Commission to promulgate, by October 27, 2003, a policy statement authorizing a downward departure of not more than 4 level "pursuant to an early disposition program *authorized by the Attorney General and the United States Attorney*." Pub. L. No. 108-21 (emphasis added). By this language, it is clear that the

(1) the program must be authorized by the Attorney General and the U.S. Attorney; (2); the Protect Act did not confer any right upon any defendant to have a case disposed of pursuant to an early disposition program and (3), the Protect Act did not provide for any procedure by which there would be a judicial recommendation for an early disposition.

On September 22, 2003, in reference to this section, United States Attorney General Ashcroft issued a memorandum entitled Department Principles for Implementing an Expedited Disposition or "Fast Track" Prosecution Program in a District. By the terms of the memorandum, there can be no early disposition or "fast track program" until and unless the requesting district submitted a written request to the Director of the Executive Office for United States Attorneys (EOUSA) for Attorney General approval of the program and received such approval.

In this case, the government states that there was no early disposition program for any cases authorized by the Attorney General and the United States Attorney for the District of Massachusetts.

Therefore, Petitioner's counsel's cannot be charged with failure to request that which was not available to his client.

Wherefore, the government respectfully requests that the court deny the Motion.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                     By:  /s/Nadine Pellegrini
                              Nadine Pellegrini
                              Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

        Duane Miguel Christie
        c/o McRae Correctional Facility
        1000 A Jim Hammock Drive
        McRae, CA 31055

This 3rd day of September, 2004.

                              /s/Nadine Pellegrini
                              Nadine Pellegrini
                              ASSISTANT UNITED STATES ATTORNEY