IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

DUANE MIGULE CHRISTIE,

       Petitioner,

vs.

UNITED STATES OF AMERICA,

       Defendant.

CRIMINAL NO. 01-03-CR-10089-NG

CIVIL ACTION NO. 04-11696-NG

---

SUPPLEMENTAL PLEADINGS

I. ARGUMENT

DEFENDANT'S SENTENCE OF FORTY-ONE
MONTHS IMPRISONMENT IS THE RESULT OF A
SIXTEEN-LEVEL GUIDELINE ENHANCEMENT
BASED ON FACTS NEITHER ALLEGED IN THE
INDICTMENT NOR ADMITTED BY APPELLANT
AND THEREFORE IT VIOLATED APPELLANT'S
SIXTH AMENDMENT RIGHT TO TRIAL BY JURY.

Standard of Review

A district court's factual determinations on sentencing guideline issue are review under the clearly erroneous standard, while legal determinations are reviewed de novo. United States v. Blakely, 81 F.3d 498,503 (4th Cir. 1996).

The standard of review for a sentencing error. <u>United States v. Davis</u>, 954 F.2d 182,187 (4th Cir. 1992); <u>United States v. Ford</u>, 88F.3d 1350,1355 (4th Cir. 1996), <u>cert. denied</u>, 117 S.Ct. 496 (1996). An error is plain when the law was clear at the time of the trial court's ruling, but the trial court's ruling is clearly contrary to the law at the time of the appeal. <u>United States v. Richardson</u>, 233 F.3d 223,228 (4th Cir. 2000). Where the error is a sentence which exceeds the maximum allowable by statute, this is plain error, <u>United States v. Johnson</u>, 4F.3d 904,918 (10th Cir. 1993); <u>cert. denied</u>, 510 U.S. 1123,114 S.Ct. 1081 (1994). However, plain error review is inappropriate where and indictment fails to allege an offense as a result of failure to allege each material element of an offense. In such instance, the appellate court must notice such flaw even if the issue was not raise in the district court. <u>See</u> <u>United States v. Tran</u>, 234 F.3d 798,806 (2d Cir. 2000).

**Argument**

Although not raised in District Court or in Appellant's opening motion, Appellant now submits that the increase of his sentence by a sixteen-level enhancement violation his Sixth Amendment right to trial by jury. This argument is being raised now based on the case of <u>United States v. Booker</u>, ___U.S.___, Case Nos 04-104 and 04-105,2005 WL 50108 (January 12,2005), that was decided by the Supreme Court after Appellant filed his opening motion on his §2255.

-ii-

As noted in Appellant's opening motion, he pled guilty, without a plea agreement, to a one-count indictment alleging a level for the offense he pled guilty to was 8. However, the presentence report added a sixteen-level enhancement under U.S.S.G. §2L1.2(b)(1)(A)(i) for having been previously deported after a conviction for a felony that was harmed robbery kidnapping for which the sentence imposed exceeded twelve years. (J.A. 65-66). The fact that said deportation was after Appellant was convicted for harmed robbery, kidnapping where a sentence exceeding twelve years was imposed was not alleged in the indictment nor admitted by Appellant.

In United States v. Booker, ___ U.S. ___, Case Nos 04-104 and 04-105.2005 WL 50108, the Supreme Court held that its Blakely v. Washing holding applies to the United States Sentencing calculations, "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury." United States v. Booker, supra, at pages 19-20 of slip opinion.

Base on the above holding, the Supreme Court held that the trial court sentences in Mr. Booker's and Mr. Fanfan's case were unlawful because they exceeded the sentencing guideline ranges authorized by the jury verdicts in those case. The same result should obtain here.

The sixteen-level enhancement applied to increase Appellant's sentence here was U.S.S.G. §2L1.2(b)(1)(A)(i), which applies in the following situation: "If the defendant previously was deported, or unlawfully remained in the United States,

-iii-

The sixteen-level enhancement applied to increase Appellant's sentence here was U.S.S.G. §2L1.2(b)(1)(A)(i), which applies in the following situation: If the defendant previously was deported, or unlawfully remained in the United States, after--(A) a conviction for a felony that is (i) harmed robbery kidnapping for which the sentence imposed exceeded 12 years." Thus, this enhancement does not apply if the defendant simply has a prior felony conviction. Several other facts must be established: (1) that the offense conviction was harmed robbery kidnapping offense; (2) that the defendant was deported after obtaining the conviction; (3) that a sentence exceeding 12 years was actually imposed for said conviction.

Since these facts were not alleged in the indictment nor admitted by Appellant, his sentence of forty-one months imprisonment was unlawfully enhanced by sixteen levels. Therefore, his total offense level should have been 6 rather than 21, meaning a maximum guideline sentence of 7 months under criminal history category ii.

## II. CONCLUSION

For all the reasons and authorities stated in this motion, Appellant hereby respectfully prays this Honorable District Court vacate, set aside or correct sentence pursuant to Bakely v. Washington.

Respectfully Submitted,

DATE: 23 day of February, 2005,

Duane M. Christie, Pro-Se
Reg.#24690-038
McRae Correctional Facility
1000A Jim Hammock Drive
McRae, GA 31055

-iv-

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellant's motion to **Supplemental Pleadings**, was mailed to the Government, and the U.S. District Court by regular U.S. Mail, first-class postage prepaid, deposited in the prison "legal" mailbox at McRae Correctional Facility, McRae, Georgia for the following address:

U.S. DISTRICT ATTORNEY OFFICE
JOHN J. MOAKELY COURTHOUSE
SUITE 9200
ONE COURTHOUSE WAY
BOSTON, MA 02210

CLERK OF THE COURT
U.S. DISTRICT COURT
JOHN MOAKELY COURTHOUSE
SUITE 2300
ONE COURTHOUSE WAY
Boston, MA 02210

Respectfully Submitted,

DATE: 23 day of February, 2005

_____
Duane M. Christie, Pro-Se
Reg.#24690-038
McRae Correctional Facility
1000A Jim Hammock Drive
McRae, GA 31055