UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DUANE MIGUEL CHRISTIE,** )<br>    **Petitioner,**          )<br>                              )<br>    v.                        )<br>                              )<br>**UNITED STATES OF AMERICA,**   )<br>    **Respondent.**           ) | C.A. No. 04-11696-NG |

GERTNER, D.J.:

**MEMORANDUM AND ORDER RE:**
**MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**
May 25, 2005

**I. INTRODUCTION**

Petitioner Duane Miguel Christie ("Christie") moves this Court to vacate his sentence pursuant to 28 U.S.C. § 2255. Christie's pro se motion alleges that his Sixth Amendment right to effective assistance of counsel was violated when his attorney failed to advise him as to the availability of early disposition or "Fast Track" sentencing programs. Given that no such programs were available to Christie at the time of his sentencing, Christie's motion for relief under § 2255 [document #1] is **DENIED**.

On March 7, 2005 Christie moved for expedited review [document #5]. This motion is **DENIED** as moot.

**II. BACKGROUND**

On April 2, 2003, Christie was indicted in federal court in the District of Massachusetts on one count of illegal re-entry of a deported alien in violation of 8 U.S.C. § 1326(a).

Christie entered a plea of not guilty on April 16, 2003. On September 11, 2003, Christie withdrew his plea, and pled guilty to illegal re-entry of a deported alien. No plea agreement was made between Christie and the United States ("the government").

At sentencing, Christie argued that his offense level under the Sentencing Guidelines should be reduced because the offense for which he was deported was not a violent crime. Based on the offense level he put forth as appropriate, he submitted that his Guidelines sentence should be 15-21 months. On December 12, 2003, Christie was sentenced to 41 months imprisonment, 2 years of supervised release and a $100 fine. Judgment was entered on December 18, 2003. In its Statement of Reasons, the Court indicated that the sentence was within the Guideline range, that the range did not exceed 24 months, and that the Court found no reason to depart from the sentence called for by the application of the Guidelines. Accordingly, the Court rejected Christie's motion for a downward departure.

On July 26, 2004, Christie filed a timely pro se motion to vacate, set aside or correct his sentence pursuant § 2255.

### III. ANALYSIS

#### A. 28 U.S.C. § 2255 Claim

In support of his motion for relief under § 2255, Christie argues that his constitutional rights were violated insofar as he received ineffective assistance of counsel.

28 U.S.C. § 2255 provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Rule 4(b) of the Rules Governing § 2255 Proceedings further provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Proceedings, Rule 4(b), 28 U.S.C.A. foll. § 2255.

In addition, § 2255 requires that a claim be filed within one year of the date on which the judgment of conviction became final. This requirement has been satisfied here.

To succeed in his motion to vacate on the ground that his sentence was unconstitutional, Christie must show 1) that his counsel's performance was deficient, and 2) that the deficient performance prejudiced his case. <u>Strickland v. Washington</u>, 466 U.S. 668, 686-687 (1984); <u>see also</u> <u>Cody v. United States</u> 249 F.3d 47 (1st Cir. 2001) (<u>Strickland</u> ineffective assistance of counsel standard applies to § 2255 claims).

The only support Christie provides for his ineffective assistance of counsel claim is that his counsel failed to advise him as to the availability of early disposition programs, failed to seek judicial recommendation for an early disposition program, and failed to file a motion in pursuit of such a program.  In addition, Christie claims that his attorney failed to effectively research the applicable law.  Christie provided no other facts to support his claim of ineffective assistance of counsel.[1]

The government argues that Christie has failed to present sufficient facts to show that his counsel was ineffective.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  Strickland, 466 U.S. at 668.  According to the government, Christie's counsel performed reasonably under prevailing norms given that a) there was no early disposition available to Christie, b) there was no procedural mechanism for a judicial recommendation for such a disposition, and c) Christie was not eligible for the four level downward departure pursuant to the PROTECT Act.

**B. Early Disposition and The PROTECT Act**

---

[1] Christie filed a second memorandum on March 7, 2005, presenting a new argument in support of his § 2255 claim.  He now argues that his Sixth Amendment rights were violated by the Court's use of prior convictions to increase the applicable Guideline range, in violation of United States v. Booker, 125 U.S. 738 (2005).  The prior convictions that factored into Christie's sentence range were armed robbery, burglary, and two counts of kidnaping.  Because Booker explicitly states that prior convictions may be considered at sentencing without having been admitted to by the defendant or proved to a jury, id. at 756, Christie's argument with respect to Booker fails.

Christie claims that the PROTECT Act directed the United States Sentencing Commission ("USSC") to authorize downward departures at sentencing, and that these downward departures were available to him at the time of his sentencing. He argues further that his counsel's failure to notify him of these programs constituted ineffective assistance of counsel. As noted above, Christie's counsel argued at sentencing that his offense level under the Guidelines should be reduced because the offense for which he was deported was not a violent crime, even though the prior convictions that racheted up his Guideline range were for violent crimes.

The government recognizes that § 401(m)(2)(B) of the PROTECT Act instructed the USSC to promulgate, by October 27, 2003, a policy statement authorizing a downward departure of not more than 4 levels "if the Government files a motion for such departure pursuant to an early disposition program authorized by the Attorney General and the United States Attorney." Pub. L. No. 108-21 § 401(m)(2)(B). In alleging that early disposition would have been available to him but for his counsel's ineffectiveness, Christie points to a USSC policy statement issued on October 21, 2003, as part of an emergency amendment to the United States Sentencing Guidelines Manual. It adopts the language of § 401(m)(2)(B), reading "[u]pon motion of the government, the court may depart downward not more than 4 levels

pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." United States Sentencing Guidelines Manual, § 5K3.1, Policy Statement (2003).

In response, the government argues that, first, the language of § 401(m)(2)(B) provides that any early disposition program must be authorized by the Attorney General and the United States Attorney, and that no such program was authorized; second, the PROTECT Act did not confer the right to early disposition upon any and every defendant; and, third, the PROTECT Act does not provide any procedural mechanism by which judges can recommend early disposition where no such program exists, so Christie's counsel could not be deemed ineffective for failing to seek such a judicial recommendation.

To show that there was no early disposition or "Fast Track" program to which Christie would have had access, the government refers to a September 22, 2003, memorandum issued by former United States Attorney General John Ashcroft entitled "Department Principles for Implementing an Expedited Disposition or 'Fast Track' Prosecution Program in a District." The memorandum states that there can be no early disposition or "Fast Track" program unless and until "the requesting district submitted a written request to the District of the Executive Office for United States

Attorneys (EOUSA) for Attorney General approval of the program and received such approval." The government posits that no early disposition programs have been authorized by the Attorney General for implementation in the District of Massachusetts, and Christie cites to none.

The government correctly concludes that the failure to notify Christie of programs not available to him could not constitute ineffective assistance of counsel.

### III. CONCLUSION

Given that there is no early disposition or Fast Track program available to Christie with respect to his sentence, his counsel could not have been ineffective on that basis. Thus, Christie's motion to vacate or correct his sentence is **DENIED**. In addition, Christie's motion to expedite review is **DENIED** as moot.

**SO ORDERED.**
**Dated: May 25, 2005**         **s/ NANCY GERTNER U.S.D.J.**